Charge of Court below.

# W. H. BEATTY, TO USE, v. LEHIGH V. R. CO.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY.

Argued March 10, 1890—Decided April 21, 1890.

If it appear, in an action against a railroad company for arrears of pay for services, that judgment was rendered against the company as garnishee of the plaintiff in proceedings in attachment, that the company gave its check to the justice who entered the judgment, and that the check was indorsed and passed to the attaching creditor, a presumption arises that the check was accepted as payment of the judgment, and was itself paid. In such case, it is error to submit the question of the payment of the judgment to the jury.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 386 January Term 1889, Sup. Ct.; court below, No. 36 April Term 1885, C. P.

On March 14, 1885, the Lehigh Valley Railroad Company, lessee of the Morris Canal, entered an appeal from a judgment for the plaintiff entered by a justice of the peace in an action wherein William H. Beatty, to the use of J. M. R. Shimer, was plaintiff, and the Lehigh Valley Railroad Company, lessee, etc., was defendant.

At the trial on January 24, 1889, the plaintiff claimed to recover, inter alia, arrears retained by the company from his pay as a boatman for the year 1884. It was admitted by the defendant that arrears to the amount of $88.32 had been retained for that year, but evidence was adduced that the money had been attached in its hands, and paid over to the attaching creditor. The facts of the case appear in the opinion of the Supreme Court.

The court, SCHUYLER, P. J., charged the jury in part as follows:

But the defendant alleges that this money was attached in its hands by proceedings before a justice of the peace in the state of New Jersey; that judgment was entered against it, and

Arguments.

that, in pursuance of that judgment, it paid to the attaching creditor, William Whelan, this amount of $88.32. Under these circumstances the question arises, and it is a question for the court, what effect is to be given to the attachment proceedings in the state of New Jersey. . . . . These proceedings come before us in the shape of a certified record. That record shows that an attachment was issued; that the proceedings advanced to a judgment against the defendant, and that the defendant handed a draft to the justice of the peace for the amount of the judgment, to be applied to its payment.

[I say to you, gentlemen, that the record of the attachment proceedings is conclusive upon the plaintiff, to the extent that it shows the existence of such proceedings, and to the extent that it shows a judgment in the proceedings; and, also, to the extent that it shows payment of that judgment. The record does not show that that judgment was satisfied. It shows that a draft was given to the justice of the peace, but whether that draft was ever paid or not is a question which you will have to determine. There is also testimony that the draft was indorsed over to William Whelan. Whether or not William Whelan accepted this draft in payment or full discharge of the judgment, and whether or not the draft was paid, are questions which I submit to you. I say, however, that you cannot go behind the judgment. That is conclusive. Therefore, the only question for you, in connection with the attachment proceedings, is, was the judgment in those proceedings paid by the defendant company? If it was, then the plaintiff cannot recover for the $88.32. If it was not, then the attachment proceedings would not be a bar to recovery in the present suit of the $88.32.] [5]

—The jury returned a verdict in favor of the plaintiff for $165.52. A rule for a new trial having been discharged, and judgment entered on the verdict, the defendant took this appeal, assigning for error, inter alia: 5. The portion of the charge embraced in [ ] [5]

*Mr. Wm. Fackenthall* (with him *Mr. H. S. Drinker* and *Mr. B. F. Fackenthall*), for the appellant.

*Mr. Orrin Serfass* (with him *Mr. Elisha Allis*), for the appellee.

Opinion of the Court.

OPINION, MR. JUSTICE STERRETT:

One item of plaintiff's claim, in the court below, was $88.32, "back money" for the boating season of 1884. As a defence thereto, the railroad company claimed that the money had been attached in its hands and duly paid over to the attaching creditor, in February, 1885. In support of that position, it gave in evidence a certified transcript of proceedings before William A. Lane, Esq., a justice of the peace of New Jersey, wherein William Whelan was plaintiff, and William Beatty, the plaintiff below in this case, was defendant. The transcript shows that in December, 1884, the plaintiff Whelan presented an affidavit to the justice, showing such facts as under the law of that state entitled him to a writ of attachment. The writ was thereupon issued "against the effects, moneys, rights, and credits" of Beatty, the defendant therein, and the cause was so proceeded in that the "back money" due him was attached in the hands of the railroad company, and judgment was afterwards given against him for $100 and costs. A scire facias was then issued and served on the railroad company, garnishee, and, after hearing, judgment was entered against it, February 5, 1885, for $87, and costs. Two days thereafter, as the record states, the railroad company "paid into court, through Stanford Farrand, its own draft" "for $88.32, being the amount due from" it to William Beatty, defendant in that proceeding, and the same day the draft was paid over to Whelan, the plaintiff therein.

In the case now before us, the railroad company contended that the proceedings in attachment were a complete defence to the $88.32 item of plaintiff's claim, and accordingly requested the learned judge to instruct the jury to that effect, but he declined to do so. In his general charge however, he said: "The record of the attachment proceedings is conclusive on the plaintiff to the extent that it shows the existence of such proceedings," a judgment therein, and payment of that judgment, but it "does not show that the judgment was satisfied. It shows that a draft was given to the justice of the peace, but whether that draft was ever paid or not is a question which you will have to determine. There is also testimony that the draft was indorsed over to William Whelan. Whether or not William Whelan accepted this draft in payment or full discharge of the

judgment, and whether or not the draft was paid, are questions which I submit to you. I say, however, that you cannot go behind the judgment. That is conclusive. Therefore, the only question for you, in connection with the attachment proceedings, is, was the judgment in these proceedings paid by the defendant company? If it was, then the plaintiff cannot recover for the $88.32. 'If it was not, then the attachment proceedings would not be a bar to the recovery in the present suit of the $88.32."

In thus submitting to the jury the questions whether the check of the company was accepted as payment of the judgment against the garnishee, and whether or not the check was paid, we think the learned judge erred. Under the circumstances disclosed by the undisputed evidence, the presumption was that the check was accepted as payment, and that it was in fact paid. There is no sufficient evidence to rebut these presumptions. Assuming that the garnishee did its duty in answering to the attachment, the effect of the judgment against it in that proceeding, was to render the company liable to Whelan, the attaching creditor, and, upon the payment of that amount, to discharge the company to that extent from its liability to Beatty, the defendant in the attachment. In other words, the payment of the judgment in the attachment proceedings operated as payment of so much of the company's indebtedness to Beatty, and was therefore a defence to that amount of his claim against the company. The fifth specification of error is sustained. There is nothing in the remaining specifications that requires special notice. They are not sustained.

> Judgment reversed, and a venire facias de novo awarded.